IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-CV-338-MR-DCK

| RACHEL REDMON, | ) | |
|---|---|---|
| Plaintiff, | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Social Security Brief" (Document No. 10) and "Defendant's Brief" (Document No. 12). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that the Commissioner's decision be affirmed.

## BACKGROUND

Rachael Redmon ("Plaintiff" of "Redmon"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") on or about May 17, 2021, under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, both alleging an inability to work due to a disabling condition beginning January 28, 2018. (Transcript of the Record of Proceedings ("Tr.") 17). Plaintiff later amended the alleged disability onset date to February 6, 2020. (Tr. 18, 38, 43-44).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about December 19, 2021, and again after reconsideration on or about August 24, 2022. (Tr. 17, 107, 112, 128, 132). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> Your condition results in some limitations in your ability to perform work related activities. We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information and work experience in determining how your condition affects your ability to work. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.

(Tr. 134).

Plaintiff filed a timely written request for a hearing on or about October 18, 2022. (Tr. 17, 135). On March 2, 2023, Plaintiff appeared and testified at a telephone hearing before Administrative Law Judge William L. Hogan (the "ALJ"). (Tr. 17, 31-59). In addition, Brenda Dumas, a vocational expert ("VE"), and Holly Jane Fairbairn ("Fairbairn"), Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on April 19, 2023, denying Plaintiff's claim. (Tr. 17-26). On June 14, 2023, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 27, 2023. (Tr. 1-2, 7-10, 200-201). The Appeals Council noted that it had received

> additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier.

(Tr. 2).

The Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision." (Tr. 1). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 20, 2023. (Document No. 1). On December 1, 2023, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Social Security Brief" (Document No. 10) was filed May 20, 2024; and "Defendant's Brief" (Document No. 12) was filed July 8, 2024. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

This matter is ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Martin Reidinger is now appropriate.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between February 6, 2020, and the date of the decision.[1] (Tr. 18). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth and fifth steps that Plaintiff was not disabled. (Tr. 25-26).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since February 6, 2020, the alleged disability onset date. (Tr. 20). At the second step, the ALJ found that Plaintiff "has the following severe impairments: depressive disorder; anxiety disorder; obsessive-compulsive disorder; bilateral glaucoma of the eyes; PTSD; borderline personality

disorder."[2] (Tr. 20). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember and carry out simple instructions; she can interact appropriately with supervisors and coworkers occasionally; she is limited to no interaction with the general public; she can respond appropriately to changes in a routine work setting; she can make judgments on simple work-related decisions; she is limited to no reading fine print (defined as print smaller than normal size newspaper/magazine print) or tasks requiring fine discrimination.

(Tr. 22). In making this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff "is capable of performing past relevant work as a cook helper." (Tr. 25). In addition, at the fifth and final step, the ALJ made the alternative finding that "other jobs exist in significant numbers in the national economy that the claimant also can perform." Id. The ALJ noted that Plaintiff "was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date." Id.

The ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr.26). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

included a linen room attendant, a dishwasher, and a poultry hanger.  Id.  Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between February 6, 2020, and the date of the decision, April 19, 2023.  (Tr. 26).

On appeal to this Court, Plaintiff alleges that the ALJ erred "by failing to admit and evaluate the opinion evidence from Gerri Foley, M.Ed, LCAS-A."  (Document No. 10, p. 3).  The undersigned will address this allegation below.

**Gerri Foley Opinion Evidence**

Based on this sole assignment of error, Plaintiff argues that this case must be remanded for further proceedings.  (Document No. 10, pp. 3-7).  Plaintiff notes that Gerri Foley, M.Ed, LCAS-A ("Foley") indicated in the completed "Mental Capacity Questionnaire that "Redmon is suffering with PTSD, borderline personality disorder, and major depression, she is compliant with her treatment, and she is not a malingerer."  (Document No. 10, pp. 3-4) (citing Document No. 10-1, p. 1).  "Ultimately, Ms. Foley opined that Ms. Redmon would require unscheduled breaks in addition to normal work breaks, and she would likely miss more than four days of work per month due to her symptoms and need for treatment."  (Document No. 10, p. 4) (citing Document No. 10-1, p. 7).  Plaintiff contends this is "notable because the vocational expert ("VE") who testified at Ms. Redmon's hearing indicated that just five unscheduled breaks per week outside of normal breaks would eliminate unskilled work."  Id. (citing Tr. 57).

Plaintiff goes on to explain that Foley's "opinion was not generated until February 23, 2023," and that "it appears that Ms. Redmon's administrative attorney, Ms. Holly Fairbairn, did not become awa[re] of this opinion until it was in hand just prior to the hearing."  (Document No. 10, p. 4) (citing Tr. 35).  The ALJ indicated that the Foley opinion was not submitted until March 1, 2023, one (1) day before the hearing.  Id. (citing Tr. 17).  Plaintiff notes that her administrative

and hearing counsel, Ms. Fairbairn, had provided a form to Plaintiff on or about January 23, 2023, to "take to her provider for a possible medical opinion" and Ms. Fairbairn was, therefore, aware "that such evidence could come into existence." Id. (citing Tr. 17-18).

Plaintiff contends that attorney Fairbairn's failure to "notify the ALJ within 5 business days about the 'possibility' of this evidence being generated is the ALJ's sole basis for declining to admit this evidence into the record." (Document No. 10, pp. 4-5) (citing Tr. 17-18, 35-36). Plaintiff then argues that "there does not appear to be any basis in the regulations to support the ALJ's assertion that he may refuse to admit obviously probative evidence because the claimant's representative did not alert him to the possibility that such evidence could one day exist." (Document No. 10, p. 5).

According to Plaintiff, "[t]he regulations plainly state that the claimant and her representative 'must inform [the Agency] about or submit all evidence known to [them].'" Id. (quoting 20 C.F.R. § 404.1512). Plaintiff argues that there is no requirement that an "attorney notify the ALJ about evidence which may or may not be generated in the future or that the attorney does not know to exist." Id. However, Plaintiff acknowledges that in "a recent ruling, the Agency clarified that '[a]t the hearing level, a claimant generally must submit or inform us about written evidence at least 5 business days before the date of his or her scheduled hearing.'" Id. (quoting SSR 17-4p).

Plaintiff asserts that Ms. Fairbairn acted in accordance with the regulations by submitting the disputed evidence to the ALJ once she knew it existed, and that the ALJ erred by excluding that evidence. (Document No. 10, p. 5) (citing 20 C.F.R. § 404.1512). Plaintiff further suggests that the ALJ was required to explain his consideration of "the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings."

8

(Document No. 10, p. 6) (quoting 20 C.F.R. § 404.1520c(b)). Plaintiff then cites to several cases that apparently address the failure to consider "a physician's opinion (particularly a treating physician)."[3] Id.

In conclusion, Plaintiff states that it "must be apparent from the decision that the ALJ has evaluated the medical opinion and meaningfully considered the criteria in accordance with the regulations and Fourth Circuit precedent." (Document No. 10, p. 7).

In response, Defendant first notes that the "Notice Of Hearing" sent to Plaintiff on or about December 15, 2022, gave specific notice of the "5-day rule" regarding the submission of evidence. (Document No. 12, p. 2) (citing Tr. 184). The ALJ's "Notice…" advised as follows:

**Submitting More Evidence and Reviewing Your File**

> You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. Your representative must help you submit information and evidence to us. If you know about or have more evidence, such as recent medical records, reports, or evaluations, you must inform me about it or give it to me no later than 5 business days before the date of your hearing. If you miss this deadline, I may not consider the evidence when I decide your case.

(Tr. 184); see also (Document No. 12, p. 2) (quoting Tr. 184).

Next, Defendant quotes from the hearing transcript regarding the Foley opinion. (Document No. 12, pp. 2-3) (quoting Tr. 35-37). In pertinent part, the exchange between the ALJ and attorney Fairbairn reveals: (1) Fairbairn did not know the ALJ had just received the evidence ("the fact that it just came in is actually news to me and [] perhaps [Plaintiff] can explain the reason for the delay"); (2) the Foley opinion is on a form prepared by Fairbairn and provided to Plaintiff

---

[3] Gerri Foley is not alleged to be a physician; rather, she appears to be a licensed clinical addiction specialist. See (Document No. 10, p. 2).

9

on or about January 23, 2023; and (3) Fairbairn stated that the failure to submit a five day letter "must have just been an oversight." Id.

Defendant further notes that the ALJ opined that Plaintiff "did not submit or inform the Administrative Law Judge about all written evidence at least five business days before the date of the claimant's scheduled hearing (20 CFR 404.935(a) and 416.1435(a))." See (Document No. 12, pp. 3-4). Defendant also provides the following instructive summary of legal authority:

> When a claimant submits a request for a hearing, the claimant must submit information or evidence as required by 20 C.F.R. §§ 404.1512, 416.912 or any summary of evidence to the ALJ. *See* 20 C.FR. §§ 404.935(a), 416.1435(a). Pursuant to these regulations, "[e]ach party must make every effort to ensure that the [ALJ] receives all of the evidence and must inform the [ALJ] about or submit any written evidence, as required in [§§ 404.1512, 416.912] no later than 5 business days before the date of the scheduled hearing" (the five-day rule). *Id.* **If a claimant fails to comply with his requirement, the ALJ "[m]ay decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply**." *Id.*

(Document No. 12, pp. 8-9) (emphasis added).

Defendant contends that while there are circumstances under which an ALJ can accept evidence less than five business days before a scheduled hearing, those circumstances do not apply here. (Document No. 12, pp. 4 and 9) (citing Tr. 17 and 20 C.F.R. §§ 404.935(b), 416.935(b)). Defendant acknowledges some flexibility in the regulations, but goes on to argue that "[u]ltimately, it [is] Plaintiff's responsibility to demonstrate an exceptional reason why she failed to timely produce the medical statements, including whether she actively and diligently sought the late-filed evidence." (Document No. 12, p. 9) (quoting Kline v. Berryhill, No. 3:18-CV-180-FDW, 2019 WL 1782133, at *4 (W.D.N.C. Apr. 23, 2019)).

Again, Defendant's brief is instructive on relevant legal authority:

> Here, the ALJ considered the explanation by Plaintiff's representative, but determined that it did not fall within one of the exceptions to the five-day rule (Tr. 17-18). It was Plaintiff's responsibility to demonstrate an exceptional reason why she failed to timely produce Ms. Foley's opinion form. She did not meet that burden here. She failed to show a circumstance, which was out of the ordinary or unavoidable, or beyond her control, which prevented her from timely informing the ALJ about this evidence earlier. As stated above, it was foreseeable that such evidence might be coming in, as Plaintiff's representative appeared to have acknowledged (Tr. 36-37). Therefore, consistent with the regulations the ALJ appropriately decided not to exhibit or consider the late-produced opinion form from Ms. Foley. *See Burrell v. Saul*, No. 2:18-cv-02560- JMC-MGB, 2020 WL 2476974, at *10 (D.S.C. Jan. 15, 2020), *adopted*, No. 2:18-cv-02560-JMC, 2020 WL 1270673 (D.S.C. Mar. 17, 2020) (affirming an ALJ's decision not to consider a physician's opinion submitted two days before the hearing because it was unclear why the claimant did not notify the ALJ of the anticipated opinion prior to the five-day deadline when she was the one who had given the form earlier to her doctor); *Bartley v. Saul*, No. 2:18cv00023, 2019 WL 6709538, at *7 (W.D.Va. Oct. 25, 2019), *adopted*, No. 2:18CV00023, 2019 WL 6702554 (W.D.Va. Dec. 9, 2019) (noting that although claimant's attorney took full responsibility for the oversight in not timely submitting a psychological report, the ALJ did not err in refusing to accept the report because the claimant failed to demonstrate that "unforeseen or unavoidable circumstances beyond [her] control prevented her from timely submitting [the] psychological report as required under § 404.935(a) and § 404.1512.") (emphasis added); *Midkiff v. Berryhill* No. 2:18-cv-00338, 2018 WL 8620562 (Dec. 10, 2018) at *11, *adopted*, No. 2:18-cv-00338, 2019 WL 1258845 (Mar. 19, 2019) (affirming an ALJ's refusal to accept an opinion from claimant's treating psychiatrist because although it did not exist until two days prior to the hearing, "[t]he fact that the opinion was not prepared until the last minute does not, in and of itself demonstrate a circumstance outside of Claimant's control.").

(Document No. 12, pp. 10-11) (footnote omitted).

Defendant argues that contrary to Plaintiff's position that "compliance with the 5-day rule was not required…," the "Regulation clearly states that claimants "*must inform us about* or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing." (Document No. 12, pp. 11-12 (quoting 20 C.F.R. §§ 404.935(a), 416.1435(a)).

11

Defendant also presents a persuasive argument that even though the ALJ did not consider Foley's opinion/questionnaire, the ALJ had sufficient evidence, including regarding mental capacity, to make a decision about Plaintiff's alleged disability." (Document No. 12, p. 9, 12-13). "This evidence included mental health treatment records with generally unremarkable mental status exam findings, reports of efficacy of treatment with medications, and Plaintiff's subjective statements regarding her abilities and limitations" (Document No. 12, pp. 12-13) (citing Tr. 44, 47-48, 370, 378, 382, 386, 394, 402, 461, 478, 511, 515, 519, 522)). Defendant contends that "the ALJ did not discount that Plaintiff had some mental limitations and he appropriately accounted for them in the RFC finding to the extent they were credibly supported by the evidence." (Document No. 12, p. 13); see also (Tr. 22).

The undersigned finds Defendant's arguments and legal authority persuasive.

At the outset of the underlying decision, the ALJ explicitly addresses the issue now before the Court. The ALJ explained as follows:

> The claimant did not submit or inform the Administrative Law Judge about all written evidence at least five business days before the date of the claimant's scheduled hearing (20 CFR 404.935(a) and 416.1435(a)). Here, the representative submitted an opinion from Dr. Foley on March 1, 2023. However, the undersigned finds no good cause to exhibit or consider this opinion. First, the claimant's representative conceded that she was aware at least one month prior to the hearing that the claimant had asked Dr. Foley to complete the opinion form and, thus, was aware of the possibility the opinion would be submitted late. However, the representative did not submit a five-day letter to cover that possibility. The undersigned will not exhibit or consider the opinion in this decision.

(Tr. 17-18).

The crux of Plaintiff's argument on appeal to this Court seems to be that the "ALJ's actions find no support in the regulations." (Document No. 10, p. 2). Plaintiff contends that "there does not appear to be any basis in the regulations to support the ALJ's assertion that he may refuse to

12

admit obviously probative evidence because the claimant's representative did not alert him to the possibility that such evidence could one day exist." (Document No. 10, p. 5).

Contrary to Plaintiff's position, both Defendant's brief and the ALJ's decision cite to *regulations* that support a finding that Plaintiff must submit or inform the ALJ about all written evidence at least five days before the date of the claimant's scheduled hearing. See (Tr. 17-18) and (Document No. 12, p. 8) (citing 20 CFR 404.935(a) and 416.1435(a)). The cited regulations state:

> Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, **no later than 5 business days** before the date of the scheduled hearing. **If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence**, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935(a) and 416.1435(a) (emphasis added). Moreover, as noted above, the Commissioner explained this requirement in the "Notice Of Hearing" issued on or about December 15, 2022. See (Tr. 184).

Notably, Plaintiff has declined filed a reply brief addressing Defendant's arguments or legal authority.

The undersigned finds the ALJ's decision to be thorough, well-reasoned, and supported by substantial evidence. (Tr. 17-26). The ALJ's decision recognizes the same impairments that Ms. Foley identifies in the disputed opinion. Compare (Tr. 20) and (Document No. 10-1, p. 1). The ALJ then discusses Plaintiff's mental impairments and treatment in some detail, and cites to medical evidence in the record, including from October Road, which appears to be the same clinic where Ms. Foley worked. See (Tr. 23-25) (citing Tr. 364-436, 447-499, 505-530).

13

In addition, the ALJ's RFC limitations account for Plaintiff's mental impairments. (Tr. 22). As noted above, the ALJ also remarked that Plaintiff is a younger individual on the alleged disability onset date, capable of "a full range of work at all exertional levels" and who could perform her past relevant work and/or other work that exists in significant numbers in the national economy. See (Tr. 22, 23-26).

Next, the undersigned is persuaded that the great weight of legal authority identified by Defendant and reviewed by the undersigned supports the ALJ's decision not to consider the Foley opinion. The undersigned finds the following cases, *inter alia*, to be instructive. Grant v. Kijakazi, 2022 WL 595135, at *9 (M.D.N.C. Feb. 28, 2022), adopted by 2022 WL 981118 (M.D.N.C. Mar. 31, 2022) ("Plaintiff did not inform the ALJ (or the SSA) about the disputed Salem Neurological evidence in compliance with the 5-day rule. Id. The ALJ thus did not err in excluding the disputed evidence."); Mullis v. Comm'r of Soc. Sec., No. 5:23-CV-020-FDW, 2024 WL 1056029, at *4 (W.D.N.C. Mar. 11, 2024) ("Claimant has not demonstrated good cause under Section 404.970(b) for her failure to inform the ALJ about or to submit to the ALJ the VE report at least five business days prior to the ALJ's hearing. As such, the Appeals Council did not err in rejecting the VE report."); Sharlene A. o/b/o D.A.C. v. Comm'r of Soc. Sec., 2024 WL 1743098, at *4 (W.D.N.Y. Apr. 23, 2024) ("the ALJ reasonably exercised his discretion to exclude the records on the basis that they were not included in the five-day letter. . . . Section 416.1435(a) requires the claimant to either "submit" *or* "inform [the agency] about" any outstanding evidence."); Becerra v. Comm'r of Soc. Sec., 2024 WL 1253850, at *4 (E.D. Cal. Mar. 25, 2024) ("a claimant has the burden to show why evidence should be considered under one of three exceptions under paragraph (b)."); and Kline v. Berryhill, No. 3:18-CV-180-FDW, 2019 WL 1782133, at *3 (W.D.N.C. Apr. 23, 2019) ("the plain meaning of the regulation and the SSA's guidance illustrates that the claimant

14

must make some showing that an event, which was out of the ordinary or unavoidable and was also outside of the claimant's control, prevented the claimant from informing the ALJ or submitting the proposed evidence within five days of the hearing.").

Based on the foregoing, the undersigned is not persuaded that remand is appropriate here.

## CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Commissioner's determination be **AFFIRMED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue

in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 24, 2025

David C. Keesler
United States Magistrate Judge